IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MYRON CHERRY,**

        **Plaintiff,**

**v.**                                                **CIV. No. 97-1561 JP/LCS**

**U.S. DEPARTMENT OF AGRICULTURE,**
**DAN GLICKMAN, Secretary; U.S. FOREST**
**SERVICE, MIKE DOMBECK, Chief; ELIZABETH**
**ESTILL, Regional Forester; SAN JUAN NATIONAL**
**FOREST, JAMES WEBB, Forest Supervisor;**
**MICHAEL JOHNSON, District Ranger; DICK BELL**
**and O.J. OSTROWSKI,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is "United States' Motion to Transfer Venue" [Doc. No. 5], filed December 24, 1997. After a careful review of the law and the briefs, I have determined that the motion to transfer venue to the District of Colorado should be granted.

The United States moves for a change of venue to Colorado under 28 U.S.C. § 1404(a) which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving to transfer venue under §1404(a) bears the burden of establishing that the existing forum is inconvenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).

Congress enacted § 1404(a) to allow easy change of venue within a unified federal system.

Id. (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981)).  Courts enjoy greater discretion to transfer a cause under § 1404(a) than to dismiss the action based upon forum non conveniens under § 1406(a).  Id.  Before a court can transfer venue under § 1404(a), the transferee court must have personal and subject matter jurisdiction over the defendants.  In addition, the transferee court must apply the same law applicable in the transferor court.  Id. at 1516.

Exercise of the power to transfer under § 1404(a) lies in the sound discretion of the district court.  Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).  The trial court should decide a motion to transfer by giving consideration to the convenience of and fairness to the parties under the unique facts of the case.  A court may examine the following factors: accessibility of witnesses, other sources of proof, the availability of compulsory process, the cost of making the necessary proof, questions as to the enforceability of a judgment, advantages and obstacles to a fair trial, possibilities of congested dockets, conflict of laws problems, advantages of having a local court determine questions of local law, and any other matters that may promote an expeditious and economical trial.  Chrysler Credit Corp., 928 F.2d at 1516 (citing Texas Gulf Sulphur Co. v. Ritter, 371 F. 2d 145, 147 (10th Cir. 1967)).  Courts vary in how much weight they will allot to plaintiff's choice of forum.  In Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F. Supp. 667, 669 (D. Kan. 1993), the court stated that plaintiffs choice of forum is entitled to substantial weight but that "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight."

The convenience of the witnesses is arguably the most important criterion for the court to

consider in deciding a motion to transfer venue. 15 WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §3851 (1986). In this case, that factor is non-determinative of the issue because both forums are equally convenient to most of the witnesses, who live either in southern Colorado or in a state other than Colorado or New Mexico. As the plaintiff himself points out, the witnesses in southern Colorado would have to travel either 339 miles to Denver or 273 miles to Albuquerque to testify. Thus, the convenience of the witnesses would be served equally well by venue in New Mexico or in Colorado.

On the other hand, several other factors as applied to these facts militate in favor of transfer to Colorado. First, the mining claims and mill site that is the subject of this litigation is located in National Forest lands in Colorado, as is the equipment the Forest Service demands that plaintiff move. All the allegations about the mining operations and the actions of the defendants relate to events that took place in Colorado. In addition, all of the individual defendants named in plaintiff's complaint live in Colorado. The vast majority of witnesses to be called in the case, including the named defendants, reside in Colorado or out of state. Finally, and perhaps most importantly, the injunctive relief sought by the plaintiff could be more easily enforced by a Colorado court than by a court outside the state. On the other hand, the State of New Mexico bears no relationship to this litigation beyond the mere fact that it is the site of plaintiff's residence. Thus, Colorado is a far more convenient and logical venue for this action.

Plaintiff acknowledges that he opposes transfer primarily on the ground that a key witness in his case will be beyond the subpoena power of a U.S. District Court sitting in Colorado. However, there is no indication that this witness would not be available to testify in Colorado. In addition, plaintiff could present the witness' testimony through deposition, if necessary.

Therefore, it is hereby ORDERED that the "United States' Motion to Transfer Venue" [Doc. No. 5] is GRANTED and this case is hereby transferred to the District of Colorado.

_____
UNITED STATES DISTRICT JUDGE